IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01049-REB-MJW

SHAWN FELDMAN,

Plaintiff,

v.

BOARD OF EDUCATION SCHOOL DISTRICT #1 CITY AND COUNTY OF DENVER, et al.,

Defendants.

**ORDER REGARDING
DEFENDANT BOARD OF EDUCATION, SCHOOL DISTRICT #1, CITY & COUNTY
OF DENVER'S MOTION FOR A PROTECTIVE ORDER PREVENTING DEPOSITION
OF MICHAEL BENNET (DOCKET NO. 49)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Board of Education, School District #1, City and County of Denver's Motion for a Protective Order Preventing Deposition of Michael Bennet (docket no. 49). The court has reviewed the subject motion (docket no. 49) and the response (docket no. 57) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

  1.  That I have jurisdiction over the subject matter and over the

     parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 49);

4. That the Defendant Board of Education, School District #1, City and County of Denver (hereinafter " District") requests, in the subject motion (docket no. 49), that this court enter a protective order to prevent the Plaintiff from deposing former Superintendent Michael Bennet (hereinafter "Bennet");

5. That this court can take judicial notice, pursuant to Fed. R. Evid. 201, that Bennet is currently serving as a United States Senator for the State of Colorado and is no longer Superintendent for the District;

6. That in support of the subject motion (docket no. 49), the District argues:

   a. That Bennet has **no first-hand personal knowledge** of the circumstances underlying this lawsuit, and all of the information Plaintiff seeks could be obtained through other discovery.  See exhibit B, Affidavit of Bennet, attached to docket no. 49.  That a deposition of Bennet would be a waste of time since any additional information that Bennet could provide in a deposition is protected by the attorney-client privilege;

   b. That Bennet, as a current U.S. Senator, is a high-

3

ranking government official, and any access to such high-ranking government officials through the discovery process should not be without limitations. Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007). Moreover, that Congress is currently in session in Washington, D.C., and to require Bennet to appear for his deposition would impose a severe hardship and undue burden on Bennet. Further, that requiring Bennet to appear for a deposition would disserve the public interest;

c. That Bennet never participated in the investigation that preceded any recommendation to dismiss a teacher or attempted to investigate or corroborate the information presented to him by his subordinates in the letters prepared for his signature. See exhibit B, Affidavit of Bennet, attached to docket no. 49;

d. That although Bennet signed the June 19, 2008, letter recommending Plaintiff's dismissal to the District Board of Education, the letter was prepared for his signature by the District's legal counsel, and Bennet relied exclusively on the information therein provided by the District's Legal Department and Department of Human Resources. See exhibit C, Affidavit of Walter

4

        Kramarz, attached to docket no. 49;

    e.    That Bennet is not named in the lawsuit in his individual capacity;

7. That "[d]epositions of high ranking officials may be permitted where the official has **first-hand knowledge** related to the claim being litigated . . . [and] where it is shown that other persons cannot provide the necessary information." Bogan, 489 F.3d at 423 (emphasis added); see Howards v. Reichle, 2008 WL 1775269, *8 (D. Colo. Apr. 15, 2008);

8. That after careful review of the Complaint, this court finds that Plaintiff's own caption of the Complaint states **"Michael Bennet, as Superintendent"** which is clear to this court to mean **in his official capacity**, noting that Plaintiff's caption specifically states as to the other Defendants other than the District in their **"individual"** capacity.  If Plaintiff intended to sue Bennet in his **"individual" capacity**, he would have so indicated in the caption, and he would have so stated in the averments contained in the Complaint.  For the first time in Plaintiff's response (docket no. 57) to the subject motion (docket no. 49) does Plaintiff now take the position that Bennet is being sued in his **"individual" capacity**, and such argument is disingenuous; and

9. That the District did disclose Bennet as a witness in its Rule 26(a)(1) disclosures.  In particular, the District stated: "Mr. Bennet is

5

a defendant in this case and was formerly employed as the District's Superintendent of Schools.  Mr. Bennet **may** have information concerning the recommendation of Plaintiff's dismissal to the District Board of Education and the withdrawal thereof.  Mr. Bennet may be contacted through undersigned counsel." (emphasis added).  However, based upon Bennet's Affidavit (exhibit B attached to docket no. 49), this court finds that Plaintiff has failed to meet the requirements under Bogan, *supra*, and Plaintiff has also failed to demonstrate to this court that other persons cannot provide the necessary information that Plaintiff is seeking through a deposition of Bennet.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant Board of Education, School District #1, City and County of Denver's Motion for a Protective Order Preventing Deposition of Michael Bennet (docket no. 49) is **GRANTED**; and
2. That each party shall pay their own attorney fees and costs for this motion.

Done this 28th day of January 2010.

BY THE COURT

S/ Michael J. Watanabe  
MICHAEL J. WATANABE  
U.S. MAGISTRATE JUDGE